UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONNA L. FRIEDBERG,

                          Plaintiff,

          -against-

ANTHEM BLUE CROSS AND BLUE SHIELD,

                          Defendant.

25-CV-8228 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Norwich, Connecticut, brings this action *pro se*. Plaintiff brings

claims against Anthem Blue Cross and Blue Shield after Anthem informed Plaintiff that it

intended to disenroll Plaintiff as a member. For the following reasons, this action is transferred to

the United States District Court for the District of Connecticut.

## DISCUSSION

Under the general venue statute, a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents
of the State in which the district is located; (2) a judicial district in which a
substantial part of the events or omissions giving rise to the claim
occurred . . . ; or (3) if there is no district in which an action may otherwise be
brought as provided in this section, any judicial district in which any defendant is
subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the district where the person is

domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28

U.S.C. § 1391(c)(1), (2).

Plaintiff, who resides in Connecticut, sues Anthem following Anthem's notice that it intended to disenroll her as a member. Based on the attachments to the complaint, it appears that Plaintiff conducts her business with Anthem from her home address. In one of those attachments, Anthem instructed Plaintiff to send correspondence to Anthem's Connecticut address. Plaintiff does not otherwise provide an address for Anthem. Plaintiff does not allege facts showing that Anthem is subject to personal jurisdiction in this district with respect to this action, and the alleged events occurred in Connecticut, from the face of the complaint, it is clear that venue is not proper in this Court under Section 1391(b)(1), (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Connecticut, which is in the District of Connecticut. Accordingly, venue lies in the District of Connecticut, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the District of Connecticut, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of Connecticut. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this case in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    March 24, 2026
          New York, New York

                                       /s/ Laura Taylor Swain
                                       LAURA TAYLOR SWAIN
                                  Chief United States District Judge